UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RYAN J. HOWARD, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:16-cv-00365-JMS-DKL |
| | ) | |
| S. JULIAN, Warden, | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Ryan Howard is confined in this District and seeks a writ of habeas corpus. His claim is that the Federal Bureau of Prisons ("BOP") has not accurately computed his sentence imposed by the United States District Court for the Eastern District of Kentucky ("the federal sentence").

Having considered the pleadings and the expanded record, and being duly advised, the Court finds that the federal sentence has been properly computed. Accordingly, Howard's petition for writ of habeas corpus must be **denied.** This disposition is compelled by the following facts and circumstances:

1. The federal sentence is an executed term of 46 months imposed on August 19, 2015 for a drug offense.

2. Howard was in custody in various jurisdictions and for various reasons prior to the imposition of the federal sentence. Howard was released from a Florida state sentence on September 16, 2015 and transferred on that date to the custody of the United States Marshal to begin serving the federal sentence.

3. Howard has been in custody of various jurisdictions since his arrest in California on May 4, 2014. He has received credit toward one of his sentences for each and every day spent in custody since that date. Pursuant to 18 U.S.C. § 3585(b), however, Howard has not received credit toward the federal sentence for time credited toward other sentences.

4. The computation of a federal sentence is governed by 18 U.S.C. § 3585. The statute contains a two-step determination: 1) the date on which the federal sentence commenced; and 2) whether it is appropriate for any credit to be awarded for time spent in custody before the federal sentence commenced. 18 U.S.C. § 3585.

5. The federal sentence commenced when the State of Florida relinquished jurisdiction over Howard to federal authorities on September 16, 2016. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").

> a. The federal sentence did not begin when he was in federal custody on the writ *ad prosequendum. United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum.* Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."). "A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." *Causey v. Civiletti,* 621 F.2d 691, 694 (5th Cir. 1980). The writ of habeas corpus *ad prosequendum* enables a jurisdiction "to take temporary custody of a prisoner confined within another jurisdiction and indict, prosecute, and sentence such prisoner." *Flick v. Blevins,* 887 F.2d 778, 781 (7th Cir. 1989). Where, as here, "the writ expressly requires the return of the prisoner to the 'sending' state, the sending state retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction." *Id.* (citations omitted); *Jake v. Herschberger,* 173 F.3d 1059, 1061 n.1 (7th Cir. 1999) ("Because the receiving sovereign merely obtains limited jurisdiction over the 'borrowed' prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign.").

b. Howard claims that federal authorities obtained primary jurisdiction over him before the imposition of the federal sentence, but he provides no factual basis for this claim. Primary jurisdiction is established by the sovereign that first arrests the defendant and continues until that sovereign relinquishes it by bond, acquittal, dismissal of charges, parole, probation, or discharge of sentence. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Del Guzzi v. United States,* 980 F.2d 1269 (9th Cir. 1992). The expanded record shows, as recounted above, that Florida acquired and maintained primary jurisdiction over Howard, despite various delays in the resolution of those charges and Howard's completion of the Florida sentence, and despite the imposition of the federal sentence while Howard had been produced in federal court in Kentucky pursuant to a federal writ of habeas corpus *ad prosequendum.*

6. Pursuant to 18 U.S.C. § 3585(a), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." The Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). The Seventh Circuit has likewise made clear that § 3585(b) forbids the Bureau of Prisons from giving prior custody credit when that credit has been applied to another sentence. *See Gigsby v. Bledsoe*, 223 Fed.Appx. 486, 489 (7th Cir. 2007); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). In *Gigsby*, the Seventh Circuit determined that where the state credited the petitioner for time spent in custody before the commencement of his federal sentence, he was not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently. *Gigsby*, 223 Fed.Appx at 489.

7. A defendant convicted of unrelated federal charges is not entitled to credit against his federal sentence for time served on a state conviction, even if the state court orders the state sentence to run concurrent with the federal sentence. *Blaylock v. Bezy*, 188 F. App'x 492, 493 (7th

Cir. 2006) ("[I]t would offend the mutual respect between sovereigns to allow a state judge to tell federal authorities to administer a federal sentence concurrently with a state sentence. That is why it is well established that federal officials . . . are under no obligation to follow a state judge's order that state and federal sentences are to be served concurrently."); *Jake v. Herschberger,* 173 F.3d 1059, 1065 (7th Cir. 1999) ("[A] determination as to concurrence of sentence made by one sovereign does not bind the other. A prisoner may not, by agreeing with the state authorities to make his sentence concurrent with a federal sentence, 'compel the federal government to grant a concurrent sentence.'"); *Bloomgren v. Belaski,* 948 F.2d 688, 691 (10th Cir. 1991) ("The determination by federal authorities that [the prisoner's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction."); *see also Romandine v. United States,* 206 F.3d 731, 737-38 (7th Cir. 2000) ("A judge cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose . . . ."). As the court explained in *Jake v. Hershberger*, 173 F.3d at 1066, "[t]he state court's designation of [defendant's] state sentence as concurrent with his prior federal sentence created no obligation on the Attorney General to provide him with credit for time served in the state prison."

8.      While the Bureau of Prisons can implement a concurrent sentence by designating a state facility as the place of federal confinement, 18 U.S.C. §§ 3585(a) and 3621(b), it cannot give credit for any period of pre-sentence custody that has already been credited toward another sentence, 18 U.S.C. § 3585(b)(2). The Bureau of Prison did consider Howard for a *nunc pro tunc* designation, permitted by 18 U.S.C. § 3621(b), but declined to make that designation. The record establishes that the Bureau of Prisons conducted a proper inquiry of the § 3621(b) factors before determining that a *nunc pro tunc* designation was not warranted.

9. The writ of "habeas corpus is available to challenge the duration as well as the fact of custody." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). An inmate may challenge the Bureau of Prisons' computation of his sentence pursuant to 28 U.S.C. § 2241. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006), *cert. denied*, 549 U.S. 1152 (2007). That is what Howard has done in the present case, but the pleadings and the expanded record establish that his federal sentence was properly calculated. He has been given all of the credit to which he is entitled.

10. Because there has been no error in the computation of the federal sentence, Howard's petition for writ of habeas corpus will be denied. His motion to expedite [dkt 12] is **granted.** His motion for immediate bond hearing [dkt 13] is **denied as moot.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 4/4/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RYAN J. HOWARD
17797-032
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov